CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
BRIAN J. KIM, ESQ.; STATE BAR NO.: 282538

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com
E-Mail: bkim@tharpe-howell.com

JS-6

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BRENDA MYERS, <br><br>          Plaintiff, <br><br> vs. <br><br> LOWE'S COMPANIES, INC., and DOES 1 to 100, Inclusive, <br><br>          Defendants. | CASE NO.: 5:14-cv-02175-VAP-DTB <br><br> (Riverside County Superior Court Case No.: PSC1402986) <br><br> [PROPOSED] REMAND ORDER |

## I. BACKGROUND

On or about May 30, 2014, Plaintiff ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *Brenda Myers v. Lowe's Companies, Inc., and DOES 1 TO 100, inclusive*, Case No. PSC1402986. Plaintiff's complaint for negligence and premises liability arises from an alleged incident on July 16, 2013, at Defendant's retail store in La Quinta, California. On that date, Plaintiff alleges that she loaded approximately five (5) bags of concrete into a shopping cart. Plaintiff alleges that as she was pushing the subject shopping cart down an aisle, the front wheels of the cart got stuck in a drainage gate on the floor. Plaintiff further alleges that the shopping cart broke, which caused her to fall onto it. Plaintiff attributes her injuries to the alleged negligence of Defendant. Specifically, Plaintiff contends that Defendant was

aware of a dangerous condition on its premises and the faulty shopping cart and failed to take corrective measures to maintain/repair it.

On September 22, 2014, Plaintiff filed her Statement of Damages on Defendant. Plaintiff's Statement of Damages unequivocally stated that she sought more than $715,000.00 in combined special and general compensatory damages. Based on this "other paper", Defendant determined that the amount in controversy exceeded the $75,000.00 statutory minimum. Accordingly, Defendant removed the matter to federal court pursuant to 28 U.S.C. §§1332, 1441, and 1367.

The parties have now agreed and stipulate to limit any and all recovery of damages by plaintiff BRENDA MYERS in this matter at $75,000 or less, as evidenced by the Stipulation Capping Plaintiff's Damages and Recovery at $75,000, executed by both plaintiff BRENDA MYERS and her counsel, Douglas B. Brewer, Esq. Accordingly, the parties seek an order from this Court remanding the case to the Riverside County Superior Court, Case No.: PSC1402986.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). In light of the parties' stipulation limiting any and all recovery by plaintiff BRENDA MYERS to $75,000 or less, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

///
///
///
///
///
///

### III. CONCLUSION

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction in the present case. Accordingly, the case is **REMANDED** to the Riverside County Superior Court, Case No.: PSC1402986.

SO ORDERED this _26th_ day of ___Februqary, 2015.

*Virginia A. Phillips*

United States District Court Judge

Submitted By:

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
GENE B. SHARAGA
BRIAN J. KIM
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**PROPOSED REMAND ORDER**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Douglas B. Brewer, Esq.<br>WALTER CLARK LEGAL GROUP<br>72-098 Highway 111<br>Rancho Mirage, CA  92270<br>(760) 862-9254 | Attorneys for Plaintiff,<br>BRENDA MYERS |
|---|---|

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ___ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. \_\_\_ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. \_\_\_ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. \_\_\_ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* (See below)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | MICHELE SCHEE | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

\_\_\_ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\26000-000\26264\Pleadings\FEDERAL\Proposed Remand Order.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221